The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the deputy commissioner. The appealing party has shown good ground to reconsider the evidence. The Full Commission REVERSES the Opinion and Award of the deputy commissioner and enters the following Opinion and Award.
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing before the deputy commissioner and in the Form 21 and 26 Agreements approved herein as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act and Liberty Mutual is the insurance carrier for defendant-employer.
2. Plaintiff sustained an admittedly compensable injury to his right thumb and wrist on February 11, 1991 arising out of and in the course of his employment with defendant-employer.
3. Plaintiff's average weekly wage at the time of injury was $658.42, which yields a compensation rate of $406.00 per week.
4. The following agreements approved herein constitute awards of the Commission and are a part of the record in this matter: A Form 21 Agreement approved on March 22, 1991 and two Form 26 Agreements approved on April 16, 1991 and May 9, 1991.
5. Tax returns for 1990, 1991, 1992 and a recent Profit and Loss Statement for C N Auto Sales were received into evidence following the hearing as stipulated Exhibit #1.
6. A packet of medical and rehabilitation records regarding treatment of the plaintiff were received into evidence following the hearing as stipulated Exhibit #2.
***************
Based upon the competent evidence of record, the Full Commission makes the following additional
FINDINGS OF FACT
1. This case is before the Industrial Commission upon motion of defendant to terminate plaintiff's temporary total disability compensation and defendants' request for hearing. Defendants' Form 24 Application to Stop Payment of Benefits to plaintiff was denied on August 20, 1991.
2. Plaintiff is a 49 year old divorced male who sustained an admittedly compensable injury by accident arising out of and in the course of his employment with defendant-employer on February 11, 1991 to his right hand.
3. Following this injury, plaintiff was treated conservatively and thereafter released to return to work with defendant-employer. However, upon resumption of his work duties, plaintiff experienced additional problems which necessitated further medical treatment. Plaintiff began treatment with Dr. Stucky, an expert in the field of Orthopaedics who eventually performed a carpal tunnel release on the right on August 19, 1991.
4. While surgery resolved some of plaintiff's right hand pain, plaintiff continued to complain of pain along the radial and ulnar distribution of the right hand and he continued receiving treatment from Dr. Stucky who restricted him from work activities with the right hand involving repetitive usage, prolonged or heavy grasping, or lifting greater than three pounds. Plaintiff has not returned to work for defendant-employer.
5. Plaintiff, as a sole proprietor doing business as C N Auto Sales, owns a used car lot which opened in 1990 prior to his employment with defendant-employer. Prior to his injury, plaintiff worked approximately one hour each day in this business and his ex-wife was also employed there. Following his injury, plaintiff continued working at C N Auto Sales increasing the number of hours he worked there, usually arriving at 8:30 a.m. to 9:00 a.m. and leaving at 5:30 p.m. to 6:00 p.m. each day, engaging in various work activities such as driving a wrecker, buying and selling cars, doing paperwork associated with his auto business, answering the phone when necessary and intermittently performing minor repair work on cars.
6. Although plaintiff's business records and income tax returns show that plaintiff's business has increased its volume of gross receipts from $8,835.00 in 1990 to $98,919.00 in 1992, plaintiff earned no wages nor received any income from his business. Plaintiff's Profit or Loss from Business Statements showed losses in 1990, 1991 and 1992.
7. Videotaped evidence made during May and June, 1992 introduced at the hearing of this matter, showed plaintiff engaging in intermittent work activities at his car lot for short periods of time. For example, plaintiff was shown driving a wrecker and on two or three other occasions, using both of his hands doing light repair work for short periods of time. During the periods covered by the videotapes, plaintiff had been removed from work by his treating physician, Dr. Stucky and had been advised by Dr. Stucky to use his right hand as much as possible. The videotape does not demonstrate that plaintiff is capable of doing work involving repetitive use of his right hand in the competitive job market.
8. Dr. Stucky attempted to schedule plaintiff for intensive pain therapy at a pain clinic in Charlotte in June, 1992 and again in August, 1992. Each time defendant-carrier refused to pay for the recommended treatment.
9. According to Dr. Stucky, plaintiff is capable of exerting a fair amount of force with a single grasp using his right hand, but he cannot tolerate repetitive use of this hand due to pain. Plaintiff's nerve injuries and pain progression are consistent with his admittedly compensable injury of February 11, 1991. Plaintiff also has a cervical disk condition which is unrelated to his work injury. Plaintiff's cervical disk protrusion did not cause his disabling right hand pain.
10. According to Dr. Stucky, plaintiff reached maximum medical improvement on November 18, 1993 and has a 25% permanent partial disability to his right hand. Dr. Michael Nesbit of the Charlotte Institute of Rehabilitation evaluated plaintiff on March 11, 1993. Plaintiff had a 10% permanent partial disability to his right hand and was at maximum medical improvement as of the date of evaluation. Greater weight is accorded to the opinion of Dr. Stucky, plaintiff's treating physician, on the issue of plaintiff's permanent partial impairment; however, this issue is not before the Commission for determination at this time.
11. This matter is before the Industrial Commission upon defendant's motion to terminate plaintiff's temporary total disability as raised on their Form 33 Request for Hearing. Plaintiff raised the issue of his entitlement to further medical treatment in the response to defendant's request for hearing.
12. Although defendant has proven that plaintiff's work in his used car business which he owned prior to his compensable injury has contributed to an increase in the gross receipts of the business, defendant has failed to prove by the greater weight of the evidence that there are suitable jobs available in the competitive marketplace that plaintiff can get with his physical restrictions. Plaintiff's activities while working at his own pace in his own business are not evidence of his wage earning capacity in the competitive job market. Defendant has further failed to show what plaintiff's wage earning capacity is, if he has any.
13. There is no evidence that defendant has provided vocational assistance to plaintiff.
14. The medical treatment recommended by Dr. Stucky, that plaintiff attend a pain clinic and/or undergo intensive physical therapy is reasonably necessary to effect a cure, give relief and/or would tend to lessen plaintiff's disability. Plaintiff is entitled to payment by defendant of reasonable medical expenses incurred or to be incurred as a result of his admittedly compensable injury.
15. A Form 21 Agreement for Payment of Compensation was approved by the Industrial Commission herein on May 9, 1991.
*****************
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following
CONCLUSIONS OF LAW
1. Plaintiff sustained an admittedly compensable injury to his right thumb and wrist on February 11, 1991 arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. As a result of said injury, plaintiff remains temporarily totally disabled.
3. Defendant has failed to prove by the greater weight of the evidence that plaintiff is capable of earning his pre-injury wages, or any wages in the competitive job market.
4. Plaintiff is entitled to such medical treatment as may be reasonably required to effect a cure, provide relief and/or would tend to lessen his disability. The treatment recommended by Dr. Stucky is hereby approved and ordered, subject to further evaluation of need by Dr. Stucky. N.C. Gen. Stat. § 97-25.
**************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
ORDER
1. Defendant's motion to terminate plaintiff's temporary total disability compensation is DENIED.
2. Plaintiff's motion for approval of the medical treatment recommended by Dr. Stucky is GRANTED. Prior to said treatment, Dr. Stucky shall first determine if the previously recommended treatment is still reasonably necessary.
3. An attorney's fee of 25% of the amount of compensation due plaintiff is approved for plaintiff's attorney and shall be deducted and paid directly to plaintiff's counsel. Any accrued amount shall be paid in a lump sum and thereafter every fourth check shall be deducted and paid directly to plaintiff's attorney.
4. Defendant shall pay the costs due this Commission.
 S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ __________________ THOMAS J. BOLCH COMMISSIONER
S/ __________________ COY M. VANCE COMMISSIONER
BSB:md